UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:21-cv-10119-JLK

FREDY CARDONA,

    Plaintiff,
v.

MIRABELLA SEAFOOD COMPANY
d/b/a CASTAWAY RESTAURANT, and
JOHN M. MIRABELLA, an individual,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on MIRABELLA SEAFOOD COMPANY d/b/a CASTAWAY RESTAURANT, and JOHN M. MIRABELLA's ("Defendants") Motion to Dismiss Plaintiff's Complaint (the "Motion") (DE 4), filed on December 20, 2021. The Court has also considered Plaintiff's Response (DE 6) and Defendants' Reply (DE 7).

**I.     BACKGROUND**

On May 5, 2021 Plaintiff filed his Complaint in the Sixteenth Judicial Circuit in and for Monroe County. DE 1-4. Plaintiff alleges overtime wages violations and late payment violations under the Fair Labor Standards Act ("FLSA"). *See id*. On November 12, 2021, Plaintiff served Defendant Mirabella Seafood Company 191 days after filing his Complaint. DE 1-3 On November 16, 2021, Plaintiff served Defendant John M. Mirabella 195 days after filing his Complaint. DE 1-2. On December 12, 2021, Defendants filed their Notice of Removal (DE 1) to this Court alleging federal question jurisdiction.

Defendants now move to dismiss the Complaint in its entirety for insufficient service of process and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and Florida Rule of Civil Procedure 1.070(j).

## II.     LEGAL STANDARD

Service of process must comply with Federal Rule of Civil Procedure 4. When it does not, a defendant may move to dismiss based on insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When a defendant challenges service of process, the plaintiff bears the burden of showing that it properly served the defendant under Rule 4. *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

## III.    DISCUSSION

In their Motion to Dismiss, Defendants argue that Plaintiff did not timely serve them. *See* Mot. Specifically, Defendants argue that "Florida Rule of Civil Procedure 1.070(j) requires that the 'initial process and initial pleading be served upon a defendant within 120 days after filing of the initial pleading . . .'" yet Plaintiff served Defendants 191 and 195 days after filing its state court Complaint. Mot. at 4 (citations omitted); Fla. R. Civ. P. 1.070(j).

In Response, Plaintiff argues that there is good cause and excusable neglect as to why he did not serve Defendants within 120 days. *See* Resp. Plaintiff states that there was "obvious confusion" whether the Monroe County Clerk would create the summonses, and he "relied upon the Clerk to timely issue the summonses." *Id*. at 7. Further, Plaintiff argues that once he delivered his proposed summonses to the Clerk to be stamped (107 days after filing his Complaint, but still

within the 120-day limit) it took approximately 69 days for the clerk to stamp and send back to Plaintiff the summonses. *See id*.

Plaintiff states that he was under "maybe a mistaken belief" that the County Clerk would create and issue the needed summonses. *Id*. at 1. The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the Complaint, a basis that is more than simple inadvertence or mistake. *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 2008 U.S. Dist. LEXIS 75510, *7 (S.D. Fla., Sept. 30, 2008). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam). Here, Plaintiff's mistaken belief that he would be automatically issued stamped summonses and his 107-day delay in obtaining the correct summonses amount to simple inadvertence or mistake.

Because the Court finds insufficient service, the merits of the case will not be analyzed. It is improper for the district court to reach the merits of the case and to issue a dismissal with prejudice when there has been insufficient service. *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182–83 (11th Cir. 2007).

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Defendants' Motion to Dismiss Plaintiffs' Complaint **(DE 4)** be, and the same hereby is, **GRANTED. IT IS FURTHER ORDERED** that Plaintiffs' Complaint **(DE 1-4)** is hereby **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 18th day of January, 2022.

                                                     _____
                                                     JAMES LAWRENCE KING
                                                     UNITED STATES DISTRICT JUDGE

**cc:**     All counsel of record